## EX PARTE UPPERCU, PETITIONER.

### PETITION FOR MANDAMUS.

No. 14, Original. Argued December 6, 1915.—Decided December 20, 1915.

The right of a litigant to have material evidence from an existing object does not depend upon having an interest in it, or upon the right or want of right of the public to examine that object.

Although it may be perfectly proper for a judge to order evidence and documents in a litigation to be sealed, his order should be modified so as to admit any of the sealed matter to be produced as evidence at the instance of any litigant in whose behalf it is material.

The application of a litigant to have a document, which is material evidence in his cause, produced should not be rejected because the court in whose custody it is had made an order in a suit to which he was not a party that the testimony including the desired document be sealed subject to inspection only of the parties to that action.

Where a judge of a Federal court refuses to allow documents which are included in evidence in a case in that court which has been ordered to be sealed to be produced for evidence, mandamus from this court is the proper remedy to require him to make an order for the production of such document.

THE facts, which involve the right of an interested party to have documents in the custody of the court produced as evidence, notwithstanding a previous order placing them under seal, are stated in the opinion.

*Mr. Alvin Cushing Cass* for petitioner.

*Mr. Frank W. Knowlton,* with whom *Mr. Chas es F.*

*Choate, Jr.*, and *Mr. James Garfield* were on the brief, for respondent:

Mandamus is not the proper remedy.

A writ of mandamus will never be granted where there is another adequate legal remedy open to the petitioner. It cannot be used to perform the functions of an appeal or a writ of error. *Ex parte Roe*, 234 U. S. 70; *Ex parte Harding*, 219 U. S. 363; *In re Pollitz*, 206 U. S. 323; *Chandler* v. *Circuit Judge*, 97 Michigan, 621.

In this case the petitioner had another adequate legal remedy in the form of an appeal or a writ of error from the denial of his motion. *Sloan Filter Co.* v. *El Paso Reduction Co.*, 117 Fed. Rep. 504, distinguished.

A writ of mandamus can never be used to control the judicial discretion of a subordinate court. *Ex parte Roe* *(supra); In re Winn*, 213 U. S. 458, 468. Though mandamus may be used under appropriate circumstances, to compel a court to decide an issue, it cannot be used to dictate how such issue shall be decided. Consequently, it cannot compel the reviewing or vacating of a judgment, decree or order already made, on the ground that the issue was wrongly decided. *Ex parte Morgan*, 114 U. S. 174; *Ex parte Schwab*, 8 Otto, 240; *Ex parte Loring*, 4 Otto, 418; *Chiera* v. *Circuit Judge*, 97 Michigan, 638.

The act of a court suppressing or refusing to suppress a deposition, being judicial, will not be controlled by mandamus. 26 Cyc. 205; *Ex parte Elson*, 25 Alabama, 72.

The making of the order ensealing the depositions in the case of *United States* v. *Dwight* was an act within the discretion of the court.

A writ of mandamus will never be granted unless the petitioner has a clear and specific right to be enforced by it. *In re Key*, 189 U. S. 84; *Ex parte Cutting*, 4 Otto, 14.

Petitioner has no absolute or clear right to examine the depositions as he was not a party to the original suit, nor to the agreement for ensealing them.

His interest in the subject-matter of the original suit was confined to his claim against the United States for a contingent remuneration if the suit was successful. Having received such remuneration he ceased to have any interest whatever in the subject-matter of the original suit.

Any right which petitioner may have had to examine the records in question, short of an absolute right, was suspended by the ensealing order.

Depositions differ from other public documents which are required to be open to the inspection of all.

A deposition is no part of the record, but is a separate statement by a person not a party to the cause. Wigmore on Evidence, § 2111 (3); *Myers* v. *Roberts*, 35 Florida, 255; Rev. Stat., § 865; *Re McLean*, Fed. Cas. No. 2719.

The custody of depositions is given to the clerk, not because they are part of the record of the case, but simply to insure the safeguarding of the documents and to preserve their integrity until offered as evidence in the case.

Where a deposition is opened out of court contrary to this provision, it becomes inadmissible as evidence. *Beale* v. *Thompson*, 8 Cranch, 70.

A deposition, if suppressed or excluded, loses all evidential value. Its existence as an instrument of evidence is conditional upon its being admitted in evidence. *Gross* v. *Coffey*, 111 Alabama, 468, 474; *House* v. *Camp*, 32 Alabama, 541, 549; *Moore* v. *McCullough*, 6 Missouri, 444; Weeks, Law of Depositions, § 365.

The public has no absolute right to inspect a deposition which has been filed in court, whether it has been opened or not. Depositions, within the limits of their statutory existence, are entirely within the control of the court.

A court has power and discretion to suppress depositions for irregularities in the taking or return, as in *Dunkle* v. *Worcester*, 8 Fed. Cas. No. 4162; or containing scandalous matter, as in *In re Caswell*, 29 Atl. Rep. 259.

A court can exclude a deposition, or parts thereof, when offered as evidence at a trial.

In addition to the possibility of its exclusion under the ordinary rules of evidence, a deposition may be shown to be invalid by extrinsic evidence offered at the trial.

Even after opening, a deposition may be suppressed, excluded, or temporarily withdrawn from the files.

Mr. Justice Holmes delivered the opinion of the court.

This is a petition for a writ of mandamus to direct the judges and clerk of the District Court for the District of Massachusetts to allow the petitioner access to depositions and exhibits on file in a certain case but now sealed by order of the court. The facts alleged shortly stated are as follows. The case referred to was an action by the Government against the Dwight Manufacturing Company for penalties under the Immigration Act of February 20, 1907, c. 1134. On June 22, 1914, it was compromised by the payment of $50,000 and the action was discontinued. In pursuance of a previous agreement with the Secretary of Commerce and Labor the petitioner was paid $25,000 for services rendered in the suit. He now is sued by one Pachinakis for forty-five per cent. of that sum upon an allegation of title to the amount. It is alleged that the testimony of Pachinakis in one of the depositions will show that he swore that he had 'no interest or right in or expectation to those monies,' that Pachinakis was the principal violator of the law and that his present claim is an attempt to profit by his own wrong and against public policy. The petitioner also is sued by an employé of Henry C. Quinby, the attorney in both suits, upon an assigned claim of William H. Garland for $3,750, in respect of services of Garland in the former action, Garland having been a salaried Assistant United States Attorney until January, 1914, and thereafter until the end of the action special

counsel for the Government, and as the petitioner believes, having been fully paid by the Government. The petitioner expects to prove from the papers on file that Garland's services were rendered to the Government alone and not to him; that Garland's claim for additional compensation is against public policy, and that it is exorbitant as well as unjust. Quinby is Garland's lawyer and is employed by Pachinakis upon Garland's advice by an arrangement between the two.

When the former action was compromised, Judge Dodge, the respondent, made an order, "both parties consenting, that all depositions herein be sealed by the clerk and retained in the files of his office, subject to the right of either party to inspect the same, and that all exhibits be impounded with the clerk, subject to the same right of either party to inspect them." After the first presentation of the claim of Pachinakis, the petitioner's counsel made a motion in the former action for leave to inspect the above-mentioned depositions. The United States assented, although Garland, when referred to as the Assistant Attorney last in charge of the matter, advised against it. The former defendant opposed the motion and it was denied, seemingly and as was understood by the petitioner's counsel, on the ground that the petitioner was not a party to the cause. Subsequently the United States District Attorney made a motion that the order be vacated or modified so as to allow the depositions to be used, and after a denial renewed the motion with a fuller statement of grounds, suggesting a misapprehension at the former hearing. This motion also was denied and exceptions were taken that have not yet been heard by the Circuit Court of Appeals.

It appears from what we have said that there are documents present within the jurisdiction that furnish evidence material to the petitioner's case. The general principle is that he has a right to have them produced.

It does not matter whether they have been used in the original cause or not, or to whom they belong. The right to evidence to be obtained from an existing object does not depend upon having an interest in it, or, in a case like this, upon having an interest in the original cause, or upon the object being admissible or inadmissible in the cause for which it was prepared, or upon the right or want of right of the public to examine the thing. The necessities of litigation and the requirements of justice found a new right of a wholly different kind. So long as the object physically exists, anyone needing it as evidence at a trial has a right to call for it, unless some exception is shown to the general rule. We discover none here. Neither the parties to the original cause nor the deponents have any privilege, and the mere unwillingness of an unprivileged person to have the evidence used cannot be strengthened by such a judicial fiat as this, forbidding it, however proper and effective the sealing may have been as against the public at large. But as the custodian could not obey the summons of a magistrate to produce the documents without encountering the command of his immediate superior, the orderly course is to obtain a remission of that command from the source from which it came—a remission which in our opinion it is the duty of the judge to grant.

The only other question is whether there is any technical difficulty in the way of this court ordering what in its opinion justice requires and what otherwise the petitioner may not be able to obtain. The previous proceedings do not stand in his way. The rejection of his motion on the narrow ground that it was made in the former action and that he was not a party to it did not require to be followed up, and that of the Government, although in his interest by reason of his being particularly concerned in a general act of justice being done, does not confine him to a proceedings in which he is not master of the cause.

The assertion of his rights requires no particular formality. It would have been enough if on the attention of the court being called to the matter it had directed that the order should not be construed as affecting those who otherwise had a right to copies of the papers. It is enough for this court that it has been intimated with sufficient clearness that the order has a wider scope and is to be applied as against him. As against the petitioner the order has no judicial character but is simply an unauthorized exclusion of him by virtue of *de facto* power. The proceeding is not for delivery of the papers upon a claim of title but simply to remove the unauthorized impediment and to correct an act in excess of the jurisdiction of the lower court. We are of opinion that the authority of this court should be exercised in this case.

*Rule absolute.*