**Thomas H. FISHER, Petitioner,**

v.

**The Honorable John W. DELEHANT, Judge of the District Court of the United States for the District of Nebraska, Respondent.**

**No. 15905.**

United States Court of Appeals
Eighth Circuit.

Dec. 17, 1957.

Thomas H. Fisher, Chicago, Ill. (Norman Crawford, Chicago, Ill., on the brief), pro se.

Norma VerMaas, Lincoln, Neb., for respondent.

Before WOODROUGH, JOHNSEN, and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Thomas H. Fisher has petitioned this court under the All Writs Act, 28 U.S.C.A. § 1651(a), for a writ of mandamus or, in the alternative, for a writ of prohibition or certiorari, to direct the respondent judge to vacate and expunge that part of his order dated August 12, 1957, denying the petitioner (and other creditors) the right to discovery and production of the court files and record in the case filed in the District Court of Lancaster County, Nebraska, entitled "The Denver National Bank v. Penny Poke Ranch, Inc., Marlon Brando and Marlon Brando, Jr."[1]

Petitioner and other creditors filed in the reorganization proceedings pending against Black Ranches, Inc., under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., a motion to require Marlon Brando, Marlon Brando, Jr., and the Denver National Bank to produce, and permit petitioners to inspect, copy or photograph numerous documents asserted to be in the possession of the Brandos and the bank. Said motion was filed pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., made applicable to bankruptcy reorganization proceedings by General Order in Bankruptcy No. 37, 11 U.S.C.A. following section 53. The motion for production is very general in form, and on its face makes no showing of good cause for the production of the requested documents. The motion is resisted upon the basis, among others, that it is not supported by sufficient showing of good cause and relevance. The motion is supported by an affidavit of Thomas H. Fisher to the effect that the documents sought are relevant and material to issues pending

---

1. Petitioner originally also requested that appropriate writ issue to require that the trial and hearing upon the claims of the Denver National Bank and the Brandos, set for December 9, 1957, be continued until petitioner shall have had an opportunity to procure discovery and take depositions. Upon oral argument petitioner advised the court that respondent had, by an appropriate order, continued the hearing, and that relief by way of continuance was no longer required.

in the reorganization proceedings. The Brandos and the Denver National Bank had filed large claims against the reorganization trustee. Petitioner and other creditors filed objections to such claims. Petitioner contends that certain depositions taken in an action in the Nebraska State Court brought by the Denver National Bank against the Brandos and others were necessary to establish the defenses asserted against the claims filed in the reorganization proceedings by the bank and the Brandos.

The court made an order directing that the Brandos and the bank produce most of the documents requested by the petitioner, but said order provided in part:

"2. That except as limited in this paragraph hereof, the motion of Roe R. Black and others be granted and sustained, provided however, (a) that, despite the generality of the demands of such motion and of this allowance, nothing herein contained shall be taken, considered or held to require Marlon Brando, Marlon Brando, Jr., and Denver National Bank, or any of them, to produce or permit the moving parties, or any of them, to inspect or copy or photograph any depositions, exhibits, court pleadings, court files or court records in the case filed as Docket 192 Page 182 in the District Court of Lancaster County, Nebraska wherein The Denver National Bank was plaintiff and Penny Poke Ranch, Inc., a corporation, Marlon Brando and Marlon Brando, Jr., were defendants * * *".

It is proviso (a), above quoted, that petitioner insists should be eliminated by appropriate writ, particularly so far as it pertains to the depositions. The court in its order issued upon the discovery motion does not set out the reason for the denial of discovery of the depositions. The respondent in his response states:

"8. Petitioner herein, under the allegations set forth in paragraph number twelve (12) of his said mo-

tion herein, has an adequate remedy by application under Nebraska law to the Clerk of the District Court of Lancaster County, Nebraska, to obtain the documents requested, assuming, though not conceding, the validity of the petitioner's contention that the said depositions are a part of the records of said court."

In paragraph (12) of the petition before us, petitioner sets out various Nebraska statutes, among them, Revised Statutes, Section 25–1280, requiring public officers, upon demand and payment of fees, to give a certified copy of any public record in their custody. He then states, "All of the original depositions and documentary exhibits above referred to, even though they are in the possession or control of the parties to said action in the District Court of Lancaster County, Nebraska, or their attorneys or agents, are public records of the State of Nebraska." There is doubt whether the bank or the Brandos are in possession of the original depositions. Petitioner in his affidavit states, " * * * the original depositions, with attached exhibits, were not filed with the Clerk of the District Court of Lancaster County, according to a recent statement of said Clerk; that affiant has attempted to ascertain the location of said original depositions, with attached exhibits, by inquiries directed both to the commissioner who took said depositions and to counsel for Denver National Bank, but neither the original depositions nor their location has been disclosed to affiant by either said commissioner or said counsel * * *."

■ Insofar as the discovery order denied the production of the pleadings, court files, and court records in the State court case, there was clearly no error, as such records were available for inspection to the petitioner in the Clerk's office. Certified copies of any court records also were available upon demand upon paying the transcribing costs. There was accordingly no need for the order for the production of such papers. The situation with reference to the depositions is

somewhat different, as the record tends to indicate that the depositions, although taken upon commission, were never filed in the office of the Clerk of the State court.

■■ Under the Nebraska law depositions are taken upon commission issued by the court. Revised Statutes, Section 25–1267.16. The officer commissioned to take the deposition is required to mail it to the Clerk of the issuing court. Revised Statutes, Section 25–1267.26. 16 Am.Jur., Depositions, § 66, p. 727, provides:

> "If a deposition has been taken by a commissioner as an officer of the court, the court has power and control over the deposition and may compel the party having it in possession to produce, file, or record it."

16 Am.Jur., Depositions, § 85, p. 734, provides:

> "Where the deposition is under the control of the court, the court may compel its transmission or production in the event that it is wrongfully withheld."

In the light of the apparent duty on the part of the commissioner to transmit the depositions to the court appointing him, we can not assume that the commistioner has violated his duty and unlawfully turned over the depositions to the bank or the Brandos, at least in the absence of clear evidence to that effect. We need go no further here than to state that if the court refused to order the production of the depositions upon the basis that they could be obtained through the Nebraska court, such a decision would be within the scope of the court's jurisdiction, and would, if erroneous, be subject to correction upon appeal from final judgment.

■ We are satisfied that the court, pursuant to Rule 34 of the Federal Rules of Civil Procedure, had jurisdiction to rule upon the petitioner's motion. Any error in the court's ruling upon such a motion would be subject to review upon appeal from final judgment.

It is not the purpose of the All Writs Act that the writ serve as a substitute for an unallowable interlocutory appeal under the factual situation presented by the present record. The scope of the All Writs Act is somewhat broadened by the Supreme Court's decision in La Buy v. Howes Leather Co., Inc., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d, by the Court's indication that under exceptional circumstances the court of appeals, in cases which ultimately might reach it for review, has some supervisory control over the district court. The Court, however, points out that the discretionary power of the court of appeals to issue writs of mandamus is limited to exceptional circumstances. The Court states (352 U.S. at page 255, 77 S.Ct. at page 313):

> "This is not to say that the conclusion we reach on the facts of this case is intended, or can be used, to authorize the indiscriminate use of prerogative writs as a means of reviewing interlocutory orders. * * *"

A strong opinion by the four-judge minority expresses the view that the All Writs Act creates no appellate powers, but grants an auxiliary power in aid of and to protect the appellate jurisdiction conferred upon the court of appeals by other provisions of law, and that it is not the function of the Act to grant courts of appeals a roving commission to supervise the administration of justice in the district courts, and to permit review by mandamus of unappealable orders which the court believes should be immediately reviewable in the interest of justice.

This court has recently carefully considered its power to issue writs under the All Writs Act. Great Northern Railway Company v. Hyde, 8 Cir., 238 F.2d 852. A rehearing was granted in this case after the Supreme Court decision in the La Buy case. Upon rehearing the original opinion was adhered to, 8 Cir., 245 F.2d 537, certiorari denied 78 S.Ct. 117, November 12, 1957. In the original opinion this court reviewed its cases and those from other circuits pertaining to the use of the All Writs Act, and stated (238 F.2d at pages 856–857):

"This Court has, perhaps, been more conservative than other courts of appeals in resisting the use of § 1651(a) as a device for reviewing nonappealable interlocutory orders. * * *

" * * * We have studiously refrained from using mandamus to tell a judge what decision he must make in the exercise of a jurisdiction and discretion intrusted to him by law."

Transfer cases, such as the case last cited, present a much stronger case for mandamus than does our present case. Where a transfer is made to a court outside the circuit, this court would be deprived of ultimate appellate jurisdiction. In the case of the usual interlocutory order, such as the one involved in our present case, the right to review upon appeal from final judgment remains. If relief by mandamus is available under the facts of this case, it could be allowed in practically every case where a trial court allowed or refused discovery. Such a result would be in direct opposition to the Congressional pattern of permitting appeals only from final judgment.

The only authority cited by petitioner in support of his position is Ex Parte Uppercu, 239 U.S. 435, 36 S.Ct. 140, 60 L.Ed. 368. That case is clearly distinguishable from our present case. There, the court in a prior case had sealed all papers, including depositions, and such order made the depositions unavailable for evidence in other cases. Petitioner desired said depositions to support a claim in a subsequent proceeding, and moved in the prior case for leave to inspect the depositions. The motion was denied. In granting mandamus the Supreme Court says (239 U.S. at page 441, 36 S.Ct. at page 141):

" * * * As against the petitioner the order has no judicial character, but is simply an unauthorized exclusion of him by virtue of de facto power. The proceeding is not for delivery of the papers upon a claim of title, but simply to remove the unauthorized impediment and to correct an act in excess of the jurisdiction of the lower court. * * * "

The opinion was apparently based upon the theory that the court had no statutory or inherent power to seal depositions as against a party who made a proper showing that he needed them as evidence in another case. See United States ex rel. St. Louis Southwestern R. Co. v. Interstate Commerce Commission, 53 App.D.C. 289, 290 F. 264, 269.

In our present case the court was exercising jurisdiction vested in it by Rule 34, which vests discretion in the trial court to determine whether or not the order to produce a particular document will be granted. The party seeking to inspect is required to show good cause therefor. "Good cause is not shown when the mover has the information sought or can obtain the documents or information therein through other methods than the rules of discovery." Moore's Federal Practice, Second Edition, Vol. 4, para. 34.08. Here, the record discloses that petitioner was granted leave to examine a copy of the depositions as long as he liked, although he was required to make the examination in the office of the bank's attorney and was not permitted to remove the depositions for copying or photographing. It has not been clearly demonstrated that the depositions or copies thereof or the information sought could not be obtained through the State court, through the deposition of the State court commissioner, or through depositions of the bank officers or the Brandos. The trial court's discovery order made available to the petitioner much of the material which he sought in the motion. It appears that the petitioner has not fully availed himself of the opportunity to inspect the papers produced and made available to him.

Upon the showing made, we are convinced that even if the All Writs Statute is to be liberally interpreted in accordance with the majority opinion in the La Buy case, supra, the petitioner has failed

to establish that unusual circumstances here existed which would entitle him to the extraordinary relief sought. We seriously doubt whether any abuse of discretion on the part of the trial court in denying the production of the depositions has been shown. We see no valid reason why the depositions sought by the petitioner should not be available to him if he makes a proper showing of good cause and relevancy. Petitioner's showing before us appears to be stronger than the showing that he made in the trial court. If the depositions are essential to petitioner's defense and the necessary information is not otherwise available, there is nothing to prevent petitioner from making a new application to the trial court for discovery of the depositions, making a more adequate showing of good cause and relevancy, including in such showing such additional pertinent facts as may have come to light since the last application was filed.

If the court committed any prejudicial error in its ruling upon the motion for discovery, such error can be asserted in the normal way by appeal from final judgment.

Leave to file the petition is granted, the relief prayed for is denied, and the petition is dismissed.