Michael W. ROGERS and Melissa Dawn Rogers, a minor, by Michael W. Rogers, next friend, Plaintiffs,

v.

The PROCTOR & GAMBLE COMPANY, an Ohio corporation, the Proctor & Gamble Distributing Company, an Ohio corporation, the Proctor & Gamble Manufacturing Company, an Ohio corporation, and the Proctor & Gamble Paper Products Company, an Ohio corporation, Defendants.

No. 83–0487C(C).

United States District Court, E.D. Missouri, E.D.

Sept. 5, 1985.

Tom Riley, Cedar Rapids, Iowa, for plaintiffs.

Tom Walsh, St. Louis, Mo., for Bergdoll.

Frank Gundlach, St. Louis, Mo., for Proctor.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon petitioner's motion to lift that part of a protective order which placed the deposition of Dr. Merlin S. Bergdoll under seal. Petitioner is the plaintiff in a separate action. For the reasons set forth below, petitioner's motion will be denied.

The relevant facts are as follows. In *Rogers v. Proctor & Gamble Company*, this Court entered a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The protective order was intended to protect certain confidential information which defendant Proctor & Gamble held and plaintiff would obtain during discovery. This Court ordered the deposition of Dr. Bergdoll, all exhibits produced at the deposition, and all briefs relating to

the deposition to remain under seal because Dr. Bergdoll's research was incomplete and premature disclosure of information could adversely affect Dr. Bergdoll's reputation and research, as well as controversial research throughout the nation. Petitioner, the plaintiff in *Mary Regina Hungerford v. The Proctor & Gamble Company, et al.,* CIV. 84–0–401 before the United States District Court for the District of Nebraska, has petitioned this Court to lift the seal on Dr. Bergdoll's deposition. She claims that Dr. Bergdoll has submitted his research findings for publication in a scientific journal. Plaintiff in *Hungerford* seeks to use Dr. Bergdoll's deposition in her case against Proctor & Gamble.

■ The right to inspect and copy judicial records is not absolute; every court has supervisory power over its own records and files. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). Access to judicial records is, "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. at 1312.

In *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949 (8th Cir.1979), *cert. denied,* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979), the Eighth Circuit Court of Appeals held that lifting a protective order is a discretionary decision for a trial court. *Id.* at 955. Further, the court held that lifting a protective order to disclose documents should only occur when intervening circumstances have diminished or eliminated the reasons why the protective order was issued. *Id.* at 954.

Most courts which have examined the issue of lifting a protective order have held that it is a matter of trial court discretion. However, the courts disagree somewhat on the factors a court should consider in exercising its discretion. The Second Circuit Court of Appeals has held that a court should exercise its discretion to lift a protective order when some extraordinary circumstance or compelling need exists. *Martindell v. International Tel. & Tel. Corp.,*

594 F.2d 291, 296 (2nd Cir.1979); *Federal Deposit Ins. Corp. v. Ernest & Ernest,* 677 F.2d 230, 232 (2nd Cir.1982). The Fifth Circuit Court of Appeals has held that once a valid protective order has been entered, an appellate court should defer to the trial court's judgment in deciding whether to enforce it. *United States v. United Fruit Company,* 410 F.2d 553 (5th Cir.1969), *cert. denied,* 396 U.S. 820, 90 S.Ct. 59, 24 L.Ed.2d 71 (1969). In *American Tel. & Tel. Co. v. Grady,* 594 F.2d 594 (7th Cir. 1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979), a case with facts similar to the case at bar, the Seventh Circuit Court of Appeals held that a protective order can be lifted when exceptional considerations exist. *Id.* at 597. Finally, the District of Columbia Court of Appeals has held that a protective order seal on documents should be retained, absent substantial factors weighing in favor of public access. *United States v. Hubbard,* 650 F.2d 293, 324 (D.C.Cir.1980).

Courts have been much more likely to lift a protective order when an important government interest was at stake, primarily in the antitrust area. *See United States v. GAF Corp.,* 596 F.2d 10, 16 (2nd Cir. 1979); *Wilk v. American Medical Ass'n,* 635 F.2d 1295, 1299 (7th Cir.1980); *Olympic Refining Company v. Carter,* 332 F.2d 260, 264–65 (9th Cir.1964), *cert. denied,* 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964); and *Ex Parte Uppercu,* 239 U.S. 435, 36 S.Ct. 140, 60 L.Ed. 368 (1915) (suit involving a federal employee).

Petitioner cites two reasons why the protective order should be lifted: 1) that Dr. Bergdoll's submission of his research for publication has eliminated the basis for the protective order; namely, that it is no longer preliminary in nature, and 2) to avoid repeating discovery by taking Dr. Bergdoll's deposition a second time. Finally, petitioner states that it is for the Nebraska court to determine the admissibility of the documents. This is true; however, the Nebraska court may only exercise their authority if this Court lifts the protective order seal covering the documents.

■ First, petitioner's claim that Dr. Bergdoll submitted his research for publication does not constitute an intervening or extraordinary circumstance. Even if petitioner's claim is true, this Court does not know whether part or all of the research was submitted, what scientific journal may publish the research, and whether the research was accepted for publication. Even if Dr. Bergdoll has submitted some of his research for publication, this fact alone does not indicate that his research is completed.[1] The reasons behind the protective order which sealed the documents because they were incomplete and unreliable have not been negated.

■ Second, efficiency and avoidance of repetitive discovery are valid concerns, but the basis for the protective order in the present case is still valid, and therefore the order will not be lifted. To a large extent, the documents were sealed to protect Dr. Bergdoll's research and reputation. This purpose still exists. This Court agrees with a ruling of the Second Circuit Court of Appeals, "a witness should be entitled to rely upon the enforceability of a protective order against any third parties." *Martindell, supra* at 296. The reasons for protecting Dr. Bergdoll's reputation and research have not been nullified; consequently, his deposition will remain sealed.

The wording of the order placing the deposition under seal is clear: "the deposition of Dr. Bergdoll, all exhibits produced at the deposition, and any briefs relating to the deposition of Dr. Bergdoll will remain under seal. The parties to this litigation shall not reveal the contents of the deposition ... to anyone in connection with this or any other litigation." This Court is not aware of any fact which could be considered an intervening or extraordinary circumstance in the present case. Consequently, Dr. Bergdoll's deposition and the

---

1. Dr. Bergdoll has submitted a sworn affidavit to this Court indicating that his research is not completed.

documents relating to it will remain under seal.