**FOREST OIL CORP., Plaintiff,**

v.

**TENNECO, INC., Defendant.**

**J.E. STACK, Jr., Plaintiff,**

v.

**TENNECO, INC., Defendant.**

**Nos. J84–0084(L), E83–0143(L).**

United States District Court,
S.D. Mississippi.

Dec. 18, 1985.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

The court has before it the motion of Tenneco, Inc. (Tenneco) to enforce the agreed protective orders entered by this court in two pending cases, *Forest Oil Corp. v. Tenneco, Inc. (Forest)* and *J.E. Stack, Jr. v. Tenneco, Inc. (Stack)*. The protective orders were entered for the purpose of protecting commercial and trade secrets which might be divulged through discovery in those actions. Also before the court are motions to intervene in the *Forest* and *Stack* cases filed by the plaintiffs in two related cases: *R. Julian Allen, III, et al v. Forest Oil Corp., Forest D. Dorn and Tenneco (Allen)*, pending in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and *Gammill v. Forest Oil Corp. and Forest D. Dorn*

*(Gammill),* pending before this court.[1] The motions to intervene filed by the *Allen* and *Gammill* plaintiffs are for the limited purpose of examining certain documents produced during the course of discovery by Tenneco in the *Forest* and *Stack* cases presently pending in this court. It is undisputed by the parties that these documents are subject to the protective orders; however, the *Allen* and *Gammill* plaintiffs seek to have this court amend its protective orders to allow them access to the discovery produced by Tenneco in the *Forest* and *Stack* cases. The method by which the *Allen* and *Gammill* plaintiffs intend to obtain discovery of these documents is through the deposition of Glenn Taylor, counsel for *Forest* and *Stack,* and through review of documents produced by Taylor at the deposition pursuant to a subpoena duces tecum.

The substance of the argument presented by the *Allen* and *Gammill* plaintiffs in their motions is that Tenneco has failed to produce through discovery in their respective suits certain documents relating to the implementation of its Emergency Gas Pricing Policy (EGPP) which it produced to the *Forest* and *Stack* plaintiffs. The *Gammill* plaintiffs very generally aver that they are entitled to all discovery produced by Tenneco in the related cases. They do not indicate any documents that have not been produced or will not be produced by Tenneco during the normal course of discovery in their suit. Specifically, however, the *Allen* plaintiffs allege that a question and answer sheet which was prepared for high Tenneco management explaining the EGPP was omitted from the documents produced by Tenneco pursuant to their request. It appears that counsel for the *Allen* plaintiffs obtained knowledge of the missing discovery through informal communications with Glenn Taylor. Rather than filing a

motion to compel in state court, the *Allen* plaintiffs seek discovery of the omitted documents through the deposition of Taylor in direct contravention of this court's protective orders. For their part, the *Gammill* plaintiffs simply do not want to be left out if this court should allow such collateral discovery.

The test for allowing modification of a protective order was stated by Fifth Circuit Senior Judge John Minor Wisdom, sitting by designation with the Seventh Circuit in the case of *Wilk v. American Medical Association,* 635 F.2d 1295 (7th Cir.1980). Judge Wisdom held that,

> where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. *Olympic Refining Co. v. Carter,* 332 F.2d 260, 265–66 (9th Cir.), *cert. denied* 379 U.S. 900 [85 S.Ct. 186, 13 L.Ed.2d 175] (1964); *Ex parte Uppercu,* 239 U.S. 435, 439–40 [36 S.Ct. 140, 141, 60 L.Ed. 368] (1915). Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order. *American Telephone and Telegraph Co. v. Grady,* 594 F.2d 594, 596 (7th Cir.) *cert. denied* 440 U.S. 971 [99 S.Ct. 1533, 59 L.Ed.2d 787] (1979).

635 F.2d at 1299.[2]

The court recognizes that much of the discovery sought by the *Allen* and *Gammill* plaintiffs is repetitious of that produced by Tenneco to the *Forest* and *Stack* plaintiffs. However, Tenneco has taken the position that tangible injury to its sub-

---

1. The *Gammill* plaintiffs have been granted leave to amend their complaint to, *inter alia,* name Tenneco as an original defendant.

2. The clear majority of courts utilizing the test for modification of protective orders set out in *Wilk* have allowed liberal modification. However, in most instances where modification is

allowed there has been no discovery in the collateral action and the court is thus reluctant to require wasteful and needlessly repetitive discovery. *See Phillips Petroleum Co. v. Pickens,* 105 F.R.D. 545, 551 (N.D.Tex.1985). Such is not the case with the motions presently before this court.

stantial rights will result through modification of the protective orders. Primarily, Tenneco asserts that the substantive defenses available to it in the *Allen* and *Gammill* actions are significantly different from those available in the *Forest* and *Stack* actions. All of the contracts at issue in *Allen* and *Gammill* contained immediately exercisable market-out clauses, which gave Tenneco a contractual right to unilaterally modify the contracts to maintain their profitability to Tenneco. Thus, Tenneco argues, the efficacy of its EGPP is not a relevant issue in these actions. The court notes that Tenneco raised its EGPP as a defense in its Answer in *Allen;* however, the court is of the opinion that Tenneco's substantial right to assert discovery defenses in the nature of relevancy and privilege objections to the requests of the *Allen* and *Gammill* plaintiffs would be tangibly injured by allowing those plaintiffs unfettered review of the discovery produced in *Forest* and *Stack*. *See Wilk,* 635 F.2d at 1301. The court is further of the opinion that allowing the *Allen* and *Gammill* plaintiffs such review of the discovery documents through the deposition and production of documents of Glen Taylor would prejudice Tenneco's right to review the documents it produces pursuant to a discovery request. Such review by nonparty plaintiffs would also violate the spirit and purpose of the protective orders entered by this court pursuant to which the parties subject to those orders have produced discovery which otherwise might be subject to dispute.

The court further notes that enforcing these protective orders will not deprive the *Allen* and *Gammill* plaintiffs of the discovery they seek. Nor will such enforcement cause undue wastefulness or duplication of discovery at needless expense. To the extent the *Gammill* plaintiffs will be forced to duplicate discovery, their interests are outweighed by the possibility of substantive prejudice to Tenneco if it is forced to reveal discovery to which it would otherwise have valid relevancy and privilege objections. As to the *Allen* plaintiffs, duplicative discovery has already taken place with the exception of the particular question and answer sheet prepared by Tenneco management. The proper and, indeed, the least wasteful method for obtaining the desired discovery would be through a motion to compel discovery. Lastly, the court is hesitant to interfere with the control that the Mississippi state court has over the *Allen* case. That control necessarily implicates the state court's ability to determine the extent of permissible discovery under the Mississippi Rules of Civil Procedure. *See Grady,* 594 F.2d at 576.

Accordingly, this court is of the opinion that Tenneco has sustained its burden of showing that tangible prejudice to its substantial rights would result from amendment of the protective orders to allow the *Allen* and *Gammill* plaintiffs to obtain discovery in the manner proposed. It is further the opinion of the court that such injury to Tenneco outweighs the meager benefits of the proposed modification of the protective orders.

It is, therefore, ordered that Tenneco's motion to enforce the protective orders entered by this court in *Forest* and *Stack* is granted and that the deposition notice and subpeona duces tecum served on Glen Taylor is in violation of those protective orders and therefore void. The motions to intervene of the *Allen* and *Gammill* plaintiffs for the limited purpose of examining certain documents is denied.