The SUPERIOR OIL COMPANY, et al.,
Plaintiffs-Appellees,

Transco Energy Company, et al.,
Defendants-Appellees,

v.

AMERICAN PETROFINA COMPANY
OF TEXAS, et al.,
Intervenors-Appellants.

In re AMERICAN PETROFINA CO. OF
TEXAS, Fina Oil & Gas, Inc., and Fina
Exploration, Inc., Petitioners.

Nos. 85–4352, 85–4578.

United States Court of Appeals,
Fifth Circuit.

March 19, 1986.

John M. McCollam, Gordon, Arata, McCollam, Stuart & Duplantis, Mark T. Drapanas, New Orleans, La., John E. Kennedy, J. Craig Youngblood, James W. McCartney, Ben H. Sheppard, Jr., Houston, Tex., for American Petrofina Co., et al.

Lawrence E. Donohoe, Jr., Onebane, Donohoe, Bernard, et al., Edward C. Abell, Jr., Lafayette, La., for Transco Energy Co.

Andrews & Kurth, Alfred H. Ebert, Jr., Houston, Tex., for Transcontinental Gas Pipe Line Co. & Transco Energy.

Fulbright & Jaworski, M.W. Parse, Jr., Houston, Tex., for Transco Exploration Co. & TXP Operating Co.

Earl H. Willis, St. Martinville, La., for Nonparty Washington Gas Light Co.

Roxanne Armstrong, Dan A. Spencer, Houston, Tex., for Superior Oil Co.

Before BROWN, JOHNSON, and JOLLY, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the protective order entered by the district court as amended in Civil Action No. 84–2138 shall be modified to make American Petrofina Company of Texas, Fina Oil & Gas, Inc., and Fina Exploration, Inc. (collectively "Fina") a party to the protective order subject to the same restrictions and conditions as the other parties to the protective order. Fina shall therefore not be barred by the protective order from making discovery requests in the pending litigation in the state courts of Louisiana for materials produced by Transco Energy Company, Transcontinental Gas Pipe Line Corporation, Transco Exploration Company, Transco Exploration Partners, Ltd. and TXP Operating Company (collectively "Transco") in this federal action, including interrogatory answers, documents, and depositions of Transco employees and witnesses, under the same restrictions and conditions as the other parties to the protective order. This order is expressly conditioned on Fina's assent to the terms, restrictions and conditions of the protective order.

In holding that the protective order cannot bar Fina's discovery efforts in the state court proceeding, we are persuaded by the rationale of Judge Wisdom, sitting by designation, in *Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir.1980).

Questions of the discoverability in the state litigation of the materials discovered in the federal litigation are, of course, for the state courts of Louisiana, before whom the litigation between Fina and Transco is pending.

VACATED AND REMANDED.