**J.E. STACK, Jr., Plaintiff-Appellee,**

**v.**

**Dave GAMILL, Individually and as Managing Partner of Tidewater Resource, Ltd., No. 3, Etc., et al., Movants-Appellants,**

**v.**

**TENNECO, INC., Defendant-Appellee.**

**FOREST OIL CORPORATION, Plaintiff-Appellee,**

**v.**

**Dave GAMILL, Individually and as Managing Partner of Tidewater Resource, Ltd., No. 3, Etc., et al., Movants-Appellants,**

**v.**

**TENNECO, INC., Defendant-Appellee.**

**No. 86–4036.**

United States Court of Appeals, Fifth Circuit.

July 30, 1986.

Larry Moffett, Daniel, Coker, Horton & Bell, Jackson H. Ables, III, Jackson, Miss., for Dave Gammill Group.

Kathryn H. Hester, Glenn G. Taylor, Watkins, Ludlam & Stennis, Ernest G. Taylor, Jr., Allan Bennett, Copeland, Cook, Taylor & Bush, Jackson, Miss., for defendant-appellee.

Before CLARK, Chief Judge, GOLDBERG, and GARWOOD, Circuit Judges.

CLARK, Chief Judge:

Appellants are nonparties who sought to intervene in the present actions for the purpose of examining certain documents which had been made subject to protective orders in these cases. The district court denied permission to intervene, 109 F.R.D. 321, and appellants appealed. Since we

lack jurisdiction over this appeal absent a clear abuse of discretion on the part of the district court and since we find no such abuse of discretion here, we dismiss the appeal.

I

Appellants are working interest owners in a natural gas field in Mississippi. The operator of the wells in that field is Forest Oil Corporation. Forest Oil entered into an agreement with appellee Tenneco, Inc. for the sale of natural gas produced from the field. Tenneco agreed to take a minimum of 90% of the seller's delivery capacity. The appellants executed separate ratifications and amendments of the contract between Forest Oil and Tenneco.

In April of 1983, Tenneco instituted its Emergency Gas Purchase Policy (EGPP), claiming that market conditions and certain aspects of state and federal law entitled it to relief from the terms of all of its contracts, including its contracts with J.E. Stack, Jr., Forest Oil, and the appellants. Tenneco reduced the price that it was paying for gas, and it also reduced the minimum amounts it considered itself obligated to take to 50% of the seller's capacity.

Forest Oil filed a breach of contract action against Tenneco in the district court. Stack filed a similar action based on a different Tenneco contract. Stack's action is also pending in the district court. A third action, *System Fuels, Inc. v. Tenneco,* is pending in a Mississippi state court. The same attorney, Glenn Gates Taylor, represents the plaintiffs in all three actions.

Appellants filed an action against Forest Oil in state court; the case was removed to district court and remains pending as *Gammill v. Forest Oil Corp.* Tenneco was added as a defendant. Although the relevance of the EGPP's validity to the *Gammill* case is disputed, the *Gammill* plaintiffs maintain that the issue of the EGPP's validity is critical to the case.

In both *Stack* and *Forest Oil* the parties entered into an agreed protective order, providing that discovery information produced in those actions could be used only in those cases and in the *System Fuels* case, and that such information could not be disclosed to persons other than the court, employees, witnesses, deponents and consultants in the preparation for and prosecution of those actions.

The *Gammill* plaintiffs sought to discover, in their own action, information relating in any way to the EGPP. However, according to the plaintiffs, Tenneco's response did not produce all of the documents in which the plaintiffs were interested; in particular, they asserted that a question and answer sheet prepared for high Tenneco management explaining the EGPP had not been received. Consequently, the plaintiffs sought to obtain this information from Taylor. Taylor was served with a notice of deposition and a subpoena duces tecum in *Gammill.* The *Gammill* plaintiffs then filed a motion to intervene in *Forest Oil* and *Stack* for the limited purpose of examining the documents which had been made subject to the protective orders in those cases. Tenneco responded in *Forest Oil* and *Stack* with a motion to enforce the protective order.

The district court issued an order denying the motion to intervene, granting Tenneco's motion to enforce the protective order, and adjudicating the notice of deposition and subpoena duces tecum to be void. The district court concluded that allowing the discovery sought from Taylor in *Forest Oil* and *Stack* would prejudice Tenneco's right to assert the discovery defenses of relevancy and privilege in the *Gammill* case and that such discovery would be more appropriately obtained through a direct motion to compel discovery in that latter case. The *Gammill* plaintiffs filed notice of appeal in both *Stack* and *Forest Oil.*[1]

1. The notice of appeal was filed jointly by the *Gammill* plaintiffs and the plaintiffs in *Allen v. Forest Oil Corp.,* a case pending against Tenneco in Mississippi state court. The *Allen* plaintiffs had also sought to intervene in the *Stack* and *Forest Oil* cases for the purpose of examining

## II

■ A district court's denial of permissive intervention will be reversed only for clear abuse of discretion. *New Orleans Public Service v. United Gas Pipe Line*, 732 F.2d 452, 471 (5th Cir.) (en banc), *cert. denied*, — U.S. —, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). Indeed, the standard of review is so restrictive that a federal appellate court will virtually never reverse a district court solely because of an abuse of discretion in denying permissive intervention. *Id; United States Postal Serv. v. Brennan*, 579 F.2d 188, 192 (2d Cir.1978); *Korioth v. Briscoe*, 523 F.2d 1271, 1278 n. 24 (5th Cir.1975); *but see New Orleans Public Serv.*, 732 F.2d at 474 (dissenting opinion); *Crumble v. Blumthal*, 549 F.2d 462, 468-69 (7th Cir.1977).[2]

A peculiar feature of appellate review of a denial of permissive intervention is that if the denial did not constitute an abuse of discretion, the appeal must be dismissed for lack of jurisdiction. *Weiser v. White*, 505 F.2d 912, 917 (5th Cir.1975), *cert. denied*, 421 U.S. 993, 95 S.Ct. 1988, 44 L.Ed.2d 482 (1975). This approach is illogical in that it requires the appellate court to render a decision on the merits in order to determine whether it has jurisdiction. 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1923 (1972). It might therefore be preferable to dismiss for lack of jurisdiction any appeal from a denial of permissive intervention. *Id.* Perhaps the prevailing rule may have come into being because many of the appeals from denials of permissive intervention also involve denials of intervention as of right. Since the appellate court must review the merits to determine whether the appellant was entitled to intervene as of right, the interests of judicial economy would be little served by preventing the court from reversing where there has been a clear abuse of discretion in the denial of permissive intervention.[3] *Cf. id.* (citing cases holding that appellants were entitled to intervene both permissively and as a matter of right).

■ This court lacks jurisdiction over the appeal because the district court did not clearly abuse its discretion in denying the *Gammill* plaintiffs permission to intervene. The court found that permitting appellants to obtain documents from Taylor would prejudice Tenneco's right to assert discovery defenses relating to relevancy and privilege. Appellants contend that the district court was required to resolve the claims of privilege and irrelevancy in order to discover whether Tenneco would be prejudiced by modification of the protective order. They rely on *Wilk v. American Medical Assn.*, 635 F.2d 1295, 1301 (7th Cir.1980), where Judge Wisdom stated "the burden must be on the parties opposing modification to establish that particular discovery materials in *Wilk* would be immune

documents in Taylor's possession. However, they subsequently moved to be dismissed from the appeal of the denial of intervention and that motion was granted.

2. *Crumble* is distinguishable from this case because in *Crumble* would-be intervenors were appealing from a final judgment of the district court. The appeal from the initial denial of permissive intervention had been dismissed for lack of jurisdiction. *Crumble*, 549 F.2d at 465. *Crumble* thus supports our holding here.

3. Since appellants in the present case do not even claim to be entitled to intervene as of right, the preferable course would be to dismiss the appeal for lack of jurisdiction without any consideration of the merits. *See Levin v. Ruby Trading Corp.*, 333 F.2d 592, 594 (2d Cir.1964) (Friendly, J.) ("[w]here the sole ground urged for reversal of an order denying permissive intervention is abuse of the trial judge's discretion, we would be reluctant to permit the fragmentation and delay that would result from allowing such orders to be appealed, at least so long as the applicant has 'other adequate means of asserting his rights'"). Contrary to appellants' contention, the district court's denial of their motion to examine documents and modify the protective order does not constitute an independent ground for reversal since the motion to intervene must be granted before any other relief may be forthcoming.

Because the district court did not clearly abuse its discretion in this case we need not consider whether jurisdiction would exist in the event of a clear abuse of discretion. We note, however, the superior logic and efficiency of a rule that would dismiss denials of permissive intervention out of hand where no claim that the appellant is entitled to intervene as of right is involved.

from eventual discovery in the [original] action, either by irrelevance or privilege." *See also Superior Oil Co. v. American Petrofina Co.,* 785 F.2d 130 (5th Cir.1986).

*Wilk,* however, did not involve a denial of permissive intervention but rather directly reviewed the district court's refusal to modify the protective order. Jurisdiction in *Wilk* was predicated on mandamus. No application for writ of mandamus has been filed in this case, nor does it present the extraordinary circumstances for which mandamus would be appropriate.

Because the district court has great discretion in deciding whether to allow permissive intervention it was not required to resolve the claims of prejudice and irrelevance but could reasonably conclude that these claims should be raised before the *Gammill* court, which was in the best position to evaluate the claims. *Compare Wilk,* 635 F.2d at 1299 (once party opposing modification demonstrates prejudice district court has broad discretion in balancing the injury and the benefit of modification).

The present case is also distinguishable from *Wilk* on another ground. This case does not involve substantial duplication of discovery. Discovery has already taken place in *Gammill* and the *Gammill* plaintiffs seek only to obtain documents which Tenneco allegedly failed to produce in that case. As the district court noted, requiring the *Gammill* plaintiffs to move to compel discovery in their own case would not cause undue wastefulness; indeed, such a motion would be the most efficient way to obtain the desired discovery. The district court did not clearly abuse its discretion in denying the motion to intervene and this court therefore lacks jurisdiction.

Appellants rely on *United States v. United Fruit Co.,* 410 F.2d 553 (5th Cir.), *cert. denied,* 396 U.S. 820, 90 S.Ct. 59, 24 L.Ed.2d 71 (1969), and *In Re Beef Indus.,* 589 F.2d 786 (5th Cir.1979) as supporting the exercise of appellate jurisdiction here. *In Re Beef Indus.* does not discuss the jurisdictional issue, nor does it involve the denial of permissive intervention. The

court assumed, in fact, that the appellants had been authorized to intervene. *Id.* at 789. That case therefore does not support the exercise of appellate jurisdiction here.

*United Fruit Co.* involved a nonparty's attempt to inspect certain documents filed with the district court in connection with a consent judgment. The documents were subject to a protective order. The district court denied the motion to inspect and an appeal was taken. The appellate court found that the order denying the motion to inspect was sufficiently final to allow the exercise of appellate jurisdiction. *United Fruit Co.,* 410 F.2d at 555. The order appealed in *United Fruit Co.,* however, was the only issue in the case; the actual lawsuit had been settled. This distinguishes it from the present case, which involved an appeal from a denial of intervention in an ongoing lawsuit.

While we recognize that protective orders should generally be modified to allow discovery in other actions, this does not mean that piecemeal appeals from denials of motions to modify protective orders are to be encouraged. Like other discovery issues, the question of a denial to modify a protective order will generally wash out in the course of litigation, as the litigants obtain the desired information through other means or as it appears that the information is no longer needed. Therefore, appeals from such denials are not in the interests of judicial economy. Absent a clear abuse of discretion, not present in this case, no appeal will lie.

### III

As we lack jurisdiction over this appeal, the appeal is

DISMISSED.