Muriel E. KRASZEWSKI, Daisy O. Jackson and Wilda Tipton, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, Defendants.

No. C 79–1261 TEH.

United States District Court, N.D. California.

June 17, 1991.

---

Guy T. Saperstein, Jeffrey S. Brand, Farnsworth, Saperstein & Seligman, Oakland, Cal., for Wilda Tipton, Muriel E. Kraszewski and Daisy O. Jackson.

Kirby Wilcox, Raymond Wheeler, David Slate, Morrison & Foerster, San Francisco, Cal., for defendants.

Paul N. Dane, Pleasant Hill, Cal., for Claimant Olivia Hummel.

John C. McCarthy, Law Offices of John C. McCarthy & Associates, Claremont, Cal., for Janice Needham and Myra Ogburn.

Bill Turner, Fees Monitor, Turner & Brorby, San Francisco, Cal., for claimant.

## ORDER

THELTON E. HENDERSON, Chief Judge.

This matter comes before the court on class counsel's motion to modify the January 28, 1980 protective order in this case. Class counsel requests that the court modify the protective order to release from its coverage documents which pertain to State Farm's recruitment and selection of trainee agents on the basis of their age so that those documents may be used in a separate age discrimination lawsuit being handled by Class Counsel in the Central District of California. *Pines v. State Farm Gen. Ins. Co.*, SA CV 89 631 AHS (Stotler, D.J., C.D.Cal.)

After careful consideration of the parties' memoranda, declarations, and exhibits, it appears to the satisfaction of the court therefrom that the protective order should be MODIFIED in the manner specified below.

BACKGROUND

The instant case is a sex discrimination class action in which the defendant, State Farm, was found liable for discrimination against a class of women employees and

job applicants as a result of certain hiring and promotion practices. On January 28, 1980, Judge Renfrew entered a protective order stipulated to by the parties in this action. The protective order provides that:

All personnel records or files of any individual not a named party to this action, and all documents, records, interrogatory answers, or other material which is stamped by the party producing the material or answering the interrogatory with the notation "confidential" shall come within the provisions of this Order and shall be considered "confidential information."

January 28, 1980 Protective Order at 1. The protective order provides that any document marked "confidential" "shall be used only for the purposes of this litigation and not for any other purpose whatsoever ..." Id., and that "[t]his Order is without prejudice to the right of any party to seek modification of it from the Court with respect to any specified materials." Id. at 4.

A tremendous amount of discovery has taken place in this action under the protective order. Of the documents produced, State Farm has chosen to mark a large number as "confidential." In addition to these, on November 1, 1984, this court determined that personnel records and files of individuals not named to this action are within the provisions of the protective order, regardless of whether they are marked "confidential."

The same class counsel has now brought another class action lawsuit against State Farm. In *Pines v. State Farm Gen. Ins. Co.*, filed in the Central District of California on September 8, 1989, class counsel contends that State Farm discriminated in its recruitment and selection of Trainee Agents on the basis of their age in violation of the Age Discrimination in Employment Act of 1967. Among the plaintiffs in the *Pines* case are Barbara Pines, the named plaintiff, and Carol Fulton, both of whom are plaintiffs in *Kraszewski*.

Class counsel are now in the early discovery stage in *Pines*. Class counsel contends that much of the discovery from this case is directly relevant to the *Pines* action, and that modification of the protective order would avoid much costly and time-consuming duplication of discovery. The relevant documents allegedly include policy documents; documents from personnel files; transcripts of deposition testimony in which State Farm decision makers allegedly consistently reported that they looked for applicants in the 25 to 45 year age group; and depositions of claimants who allegedly reported having been told that they were too old to become Trainee Agents. Modification of the protective order would allegedly save class counsel the laborious project of repeating the vast discovery which has already been completed in this case.

## PRELIMINARY MATTERS

### Standing

■ State Farm contends that class counsel has no standing to bring the instant motion. State Farm argues that the Saperstein firm has brought this motion for the benefit of plaintiffs in an entirely different case, the *Pines* class action. State Farm claims that without formally intervening, the *Pines* plaintiffs cannot bring this motion.

State Farm fails to recognize that Barbara Pines, and at least one other of the *Pines* plaintiffs are also plaintiffs in *Kraszewski*. They are represented by Saperstein in both actions, and clearly have standing to bring this motion. Furthermore, it is clear that if the formality of intervention were required, there is ample precedent for us to allow the *Pines* plaintiffs to permissively intervene in this action for the limited purpose of gathering the discovery information sought.

### Reliance

■ State Farm argues that throughout the lengthy discovery proceedings in this action, it has surrendered various documents and other discovery materials with the understanding that the discovery would be used only in this action. It argues that both parties agreed to the terms of the protective order, and now that the discovery has been completed, class counsel should not be allowed to change the terms of that protective order.

State Farm proves too much. State Farm, like class counsel agreed to the

terms of the protective order. That protective order explicitly provided that it was "without prejudice to the right of any party to seek modification of it from the Court with respect to any specified materials." *supra.* State Farm may not now be heard to complain when class counsel takes advantage of the modification provision to which both parties agreed.

ANALYSIS

■ The law in the Ninth Circuit is settled. In cases such as this one, the protective order should be amended to allow use of the discovery in the other litigation. *Olympic Refining Co. v. Carter*, 332 F.2d 260 (9th Cir.), *cert. den.*, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964). The authority cited by State Farm is out-of-circuit, off-point, and wholly unpersuasive.

In *Olympic Refining* the Ninth Circuit established the principle which has remained the rule in this and virtually all other circuits ever since. In *Olympic*, a private party brought an anti-trust action, and sought documents which had been discovered in another anti-trust case which had been brought several years earlier. Many of the documents produced in the earlier action were covered by a protective order similar to the one in this case, and were directly relevant to the later action.

The Ninth Circuit held that the protective order should have been modified to allow use of the protected documents in the second action, even if the defendants in the government case had released the information in reliance on the protective order. 332 F.2d 260, 264. The *Olympic* court stated that the protective order at issue was "subject to modification to meet the reasonable needs of other parties in other litigation," based on the principle that ordinarily discovery is to be conducted "in public." *Id.*, citing Fed.R.Civ.P. 43(a). The court continued that:

It is immaterial that Olympic could possibly obtain the same information through the process of propounding its own interrogatories to [the defendants]. It is entitled to know what those companies and the alleged co-conspirators told the Government, and this requires examination of the documents which were exchanged, or exchanged and filed in that action.
Id. at 266.

The *Olympic* rule governs today. The Seventh Circuit, speaking through Judge John Minor Wisdom,[1] relied on *Olympic* to reach a very similar result in *Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir.1980). *Wilk* involved an anti-trust action brought by chiropractors against the American Medical Association. After *Wilk* was well under way, a similar action was brought in New York. The New York plaintiffs sought a modification in the protective order in *Wilk* so that they could have access to the massive volume of documents discovered in the earlier action.

The *Wilk* court held that although the "two complaints are not absolutely identical," the modification should be allowed. 635 F.2d at 1296. Judge Wisdom's reasoning applies directly to our case:

"[A]s a general proposition, pretrial discovery must take place in the [sic] public unless compelling reasons exist for denying the public access to the proceedings." Citing, *AT & T v. Grady*, 594 F.2d 594, 596 (7th Cir.), *cert. den.*, 440 U.S. 971 [99 S.Ct. 1533, 59 L.Ed.2d 787] (1979). This presumption should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues, for in addition to the abstract virtues of sunlight as a disinfectant, access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process. Particularly in litigation of this magnitude, we ... are impressed with the wastefulness of requiring the State of New York to duplicate discovery already made. (citations omitted). Rule 1 of the Federal Rules requires the Rules to be construed "to secure the just speedy, and inexpensive determination of every action." We therefore agree with the result reached by every other appellate court which has considered the issue, and hold that where an appropriate modification of a protec-

---

[1] Senior Judge of the Fifth Circuit, sitting by designation.

tive order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. Citing, *Olympic Refining,* 332 F.2d 260, 265–66 (9th Cir.1964); *Ex parte Uppercu,* 239 U.S. 435, 439–40 [36 S.Ct. 140, 140–141, 60 L.Ed. 368] (1915). 635 F.2d 1295, 1299.

The Rule of *Wilk* is cited with approval by the Federal Judicial Center. *Manual for Complex Litigation 2d* [MLC] § 21.431 at 54 (1985). While the MLC advocates the use of "umbrella" protective orders of the type issued in *Kraszewski,* it also comments that such orders should provide for "later modifications if justified by the circumstances." Id. at 53. The primary circumstance mentioned which would justify modification is when the information is "needed to facilitate the discovery plans of related litigation." Id. The MLC comments that "substantial savings in time and expense may often be achieved by using information gathered in similar litigation." Id.

There is no question that the *Wilk/Olympic* rule applies to our case. The similarities between the cases are obvious, as is the fact that much of the tremendous amount of discovery that has gone on in *Kraszewski* will be pertinent to the parties in *Pines.* As plaintiffs state in their reply, "Both cases deal with the selection and recruitment of Trainee Agents by State Farm. Both cases involve State Farm's practices of selection and recruitment of Trainee Agents in California, although *Pines* also involves the company's practices in the rest of the United States as well. In *Kraszewski,* defendants have produced extensive documents regarding corporate policies. In *Pines,* plaintiffs are currently seeking discovery of the same corporate documents ... Indeed, the production of some of the documents in *Pines*

is taking longer, because the exact same documents have been moved to a centralized location for use in *Kraszewski.*" Plaintiff's Reply Memorandum at 7.

Under these circumstances there is no question that the protective order should be modified to allow use of the *Kraszewski* documents in *Pines.* It simply does not make sense to force class counsel to reinvent the wheel and to promulgate discovery requests and take depositions when much of the same discovery has already taken place in this action.

State Farm cites no persuasive authority. It relies primarily on two Eleventh Circuit cases. Both *McCarthy v. Barnett Bank of Polk City,* 876 F.2d 89 (11th Cir.1989) and *In re Alexander Grant & Co. Litigation,* 820 F.2d 352 (11th Cir.1987), addressed situations in which newspapers sought access to discovery information which was subject to protective orders. The Eleventh Circuit held that the parties' privacy interest to the sensitive documents outweighed the newspapers' right to publish the information.

No one seeks to publish the discovery at issue in our case. The information is to be used for purposes of other similar litigation—a use approved of in this circuit.[2]

## STATE FARM'S CONCERNS

### Judge Stotler's Control

State Farm argues that our modifying the protective order may interfere with Judge Stotler's control of *Pines.* This argument has no merit. Judge Stotler will retain ultimate control over the discovery in *Pines* regardless of our actions. She is free to exclude some or all of the discovery from *Kraszewski.* We merely give Judge Stotler the option of using the *Kraszewski* discovery to expedite and facilitate the proceedings in her own court.

As the Ninth Circuit noted in *Olympic,* it is "immaterial that some of the documents or information contained therein may not have been admissible in the [earlier filed] case. *Ex parte Uppercu,* 239 U.S. 435,

---

**2.** State Farm also cites *Martindell v. Int'l Tel. & Tel.,* 594 F.2d 291 (2d Cir.1979). This case is also completely off point. In *Martindell* the government prosecutor in a criminal case sought to use information subject to a protective order in a civil case. The Second Circuit's deci-

sion turned on potential for oppression when the prosecutor seeks a criminal conviction based on testimony given under a protective order in a civil case. There is no criminal prosecution involved in the instant case.

440, 36 S.Ct. 140, 141. Nor does it make any difference that the documents or information contained therein may not be admissible in the [later filed] case." *Olympic,* 332 F.2d at 266. It is no reason to refuse to modify the protective order that Judge Stotler may choose to exclude some or all of the discovery which we make available from *Kraszewski.*

Trade Secrets

State Farm argues that some of the information covered by the protective order constitutes trade secrets which have been important to State Farm's success. It is clear that the presence of trade secrets is not a reason to refuse to modify a protective order. Judge Stotler is able to fashion a protective order which provides as much protection for those trade secrets as does our order.

The Ninth Circuit discussed trade secrets in *Olympic,* stating that no rule or statute "authorizes a district court to protect trade secrets and sensitive competitive information from such disclosure as is relevant to the subject mater involved in a pending action. All that may be done is to afford such protection from disclosure as is practicable, consistent with the right of access thereto for purposes of litigation." 332 F.2d at 265.

The MLC states that even protective orders "do not prevent the party who furnished the confidential information from being ordered to produce the same information in another case." MLC § 21.431 at 53 n. 61. However, the MLC notes that courts often require that the information be subject to a similar protective order in the later filed case. Id. at 53–54. *See also, Wilk* 635 F.2d at 1297 (access to protected information from earlier filed case granted when protected on the same terms in the later filed case).

Here class counsel seeks the protected information solely for use in another lawsuit. It is clear that Ninth Circuit law compels us to allow Class Counsel to use the information for such purposes. However, as the Ninth Circuit instructs, we may insure that the information sought is used only for the *Pines* litigation and not for any other purpose. This is best accomplished through a protective order in the *Pines* case which is substantially similar to the one issued by this court.

State Farm in its supplemental memorandum filed on June 12 states that Judge Stotler has issued a protective order "which is similar to the 1980 protective order at issue here." Given this, it is clear that modification of our protective order is appropriate under Ninth Circuit law, and that it will not compromise any interests protected by our January 28 1980 order.

Privacy Interests of Non–Party Individuals

State Farm notes that it has produced information in *Kraszewski* concerning numerous individuals who are not parties to the litigation. The court has recognized that these individuals have a privacy interest subject to our protective order. November 1, 1984. State Farm contends that this privacy interest would be compromised by modification of the protective order.

We see no basis for State Farm's contention. Class counsel has offered to redact information which identifies individuals or to get the individuals' permission to use the information. However, we do not see even this action as necessary. Judge Stotler has issued a protective order which, by State Farm's own admission, is substantially similar to the one in this action. Therefore, the individual privacy interests at issue will receive as vigilant protection in Judge Stotler's court as in this case.

Misuse of *Kraszewski* Discovery

State Farm contends that class counsel has used the *Kraszewski* proceedings improperly to discover information for use in *Pines.* Class counsel disputes this allegation. The court hereby clarifies that the *Kraszewski* proceedings should not be used to gain information which is relevant to *Pines* but which is wholly irrelevant to this action. The court is aware that certain discovery is relevant to varying degrees to both actions.

Therefore, the court is satisfied that the protective order should be modified, and that such modification will not unduly compromise the interest served by our protective order.

For the foregoing reason, and after careful consideration of the legal memoranda,

declarations and exhibits submitted by the parties, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1. The court hereby modifies the protective order of January 28, 1980 as follows. Paragraph 2 of the January 28 protective order shall be stricken, and replaced with the following paragraph:

2. All said confidential information shall be used only for the purposes of this litigation or for the purposes of the litigation in *Pines v. State Farm Gen. Ins. Co.*, Case No. SA CV 89 631 AHS (RWRX) (C.D.Cal. Stotler, D.J.) and not for any other purpose whatsoever, and such confidential information shall not be disclosed to anyone except as provided in paragraphs 3 and 4 of this [January 28, 1980] Order, and such confidential information shall be subject to the protective order issued by Judge Stotler in the *Pines* case, to any and all of Judge Stotler's rulings as to admissibility in the *Pines* case, and to any other restrictions which are imposed by Judge Stotler in the *Pines* case upon the use of said confidential information.

IT IS SO ORDERED.

### APPENDIX

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

Civil Action No. C 79 1261 CBR

Muriel E. Kraszewski and Daisy O. Jackson, on behalf of themselves and all other persons similarly situated, Plaintiffs,

vs.

State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company and State Farm Fire and Casualty Company, Defendants.

### PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

Filed January 28, 1980

Whereas, it is believed that the discovery in the above-entitled action may involve the disclosure of confidential, trade secret, proprietary, technical, business and financial information (all of which is hereinafter described collectively as "confidential information"),

IT IS HEREBY ORDERED as follows:

1. All personnel records or files of any individual not a named party to this action, and all documents, records, interrogatory answers, or other material which is stamped by the party producing the material or answering the interrogatory with the notation "confidential" shall come within the provisions of this Order and shall be considered "confidential information."

2. All said confidential information shall be used only for the purposes of this litigation and not for any other purpose whatsoever, and such confidential information shall not be disclosed to anyone except as provided in paragraphs 3 and 4 of this Order.

3. Said confidential information may be given, shown, made available, or communicated in any way only to attorneys of record for the parties in this litigation, to regular employees of said attorneys of record directly assisting in this litigation ("employees"), to experts and consultants hired by said attorneys specifically for this litigation ("experts"), and to the named parties themselves ("parties"). If an attorney for any party in this litigation desires to give, show, make available, or communicate any of said confidential information to any person other than to employees and parties, such as, for example, to said experts and consultants hired by said attorney specifically for this litigation, each person to whom the matter is to be given or shown, made available or communicated to, must agree in writing in the form attached hereto as Exhibit A not to disclose to anyone any of the information set forth or contained in the material received, and to be bound by the terms of this Order. Said executed copies of Exhibit A shall be maintained by the attorney who obtained them

and shall not be filed with the Court or reviewed or copied by opposing counsel except as may be necessary in any proceeding to enforce this Order. (Pursuant to the stipulation attached hereto, the attorneys of record, their regular employees, and the parties to this action also agree to be bound by the terms of this Order and no further written consent is required of them.) Only after these prerequisites are met may said confidential information be given, shown, made available to or communicated to any person other than attorneys of record, their employees, and parties. If during the course of any depositions counsel for any of the parties in this litigation asserts that an answer to a specific inquiry is subject to the designation "confidential," said inquiry will be answered in the presence of attorneys of record and the parties only, and shall be sealed and subject to disclosure under the same terms and provisions as set forth herein relative to other "confidential information."

4. Interrogatory answers stamped "confidential" shall be delivered to the attorney propounding the interrogatories without being filed unless required in any further proceedings herein.

5. When documents or interrogatory answers marked "confidential" or other matters of the same or similar nature are the subject of inquiry at depositions, the portion of the transcript which sets forth or contains information about such, shall be sealed and shall not be filed unless required in any further proceedings herein.

6. No person except the attorneys of record herein, the parties, the witness giving testimony at the time, experts and consultants employed by said attorneys specifically for this litigation and the court reporter shall be permitted to be in attendance at the taking of a deposition herein. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" testimony is and shall remain confidential and shall not be disclosed except to the undersigned attorneys and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or will be delivered to the undersigned attorneys or filed with the Court.

7. Papers filed herein by attorneys shall avoid the disclosure of any confidential information concerning specific individuals whose identities are readily ascertainable from or are revealed by said information, with the exception of information pertaining solely to any named plaintiffs or to other named members of the alleged plaintiff class. In the event that any counsel desires to file confidential information concerning a specific individual identified, other than the named plaintiffs or other named members of the alleged class, said information shall be subject to disclosure only upon further order of the Court.

8. Upon the final disposition of this action: (a) each of the attorneys of record shall promptly return to the party or witness from whom obtained all items which have been marked "confidential" and all copies made thereof, including any of said items or copies thereof provided to any other persons.

9. This Order is without prejudice to the right of any party to seek modification of it from the Court with respect to any specific materials.

10. Exhibit "A" of this Order is a copy of a form which must be signed by anyone to whom material covered by this Order is given, shown, made available or communicated.

DATED: January 28, 1980.

(s) CHARLES B. RENFREW

---

Judge of the United States District Court

AGREEMENT CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the attached Order

**164**

entered by the United States District Court for the Northern District of California on _____ _____, in the action entitled, "Muriel E. Kraszewski, et al v. State Farm General Insurance Company, et al," action number C 79 1261 CBR, and understands the terms thereof and agrees to be bound by such terms.

DATED: _____.

_____
Signature

_____
Type or Print Name of Individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Civil Action No. C 79 1261 CBR

Muriel E. Kraszewski and Daisy O. Jackson, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company and State Farm Fire and Casualty Company, Defendants.

STIPULATION RE ENTRY OF PROTECTIVE ORDER

It is hereby stipulated and agreed by the parties hereto, through their respective counsel, that the Protective Order Re Confidential Information, a copy of which is attached hereto as Exhibit A, be entered as the Order of the Court in the above-entitled action.

DATED: January 4, 1980

FARNSWORTH, SAPERSTEIN & BRAND

By: (s) Guy T. Saperstein
    Guy T. Saperstein
    Attorneys for Plaintiffs

DATED: January 25, 1980

COOLEY, GODWARD, CASTRO, HUDDLESON & TATUM

By: (s) Paul J. Laveroni
    Paul J. Laveroni
    Attorneys for Defendants

